## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## LANE AVIATION CORPORATION, Respondent.

### No. 77–1482.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 29, 1979.

Decided Feb. 25, 1980.

As Amended on Denial of Rehearing and Rehearing En Banc April 18, 1980.

Elliott Moore, Edward Dorsey, Jay Shanklin, Deputy Associate Gen. Counsel, National Labor Relations Board, Washington, D. C., Emil C. Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, for petitioner.

Charles D. Minor, Varys, Sater, Seymor & Pease, Mark T. Dykstra, Columbus, Ohio, for respondent.

Before CELEBREZZE, ENGEL and BOYCE MARTIN, Jr., Circuit Judges.

### PER CURIAM.

In 1973, a Teamsters Union affiliate conducted an organizational campaign at Lane Aviation Company. Intervenors Hook and Zaros, Lane employees at that time, played active roles in the union effort. Respondent Lane dismissed both men early in 1974. Hook and Zaros filed charges with the National Labor Relations Board, alleging that their terminations violated § 8(a)(1) and (3) of the National Labor Relations Act. The Board scheduled a hearing for July 24, 1974.

Prior to the hearing date, however, informal negotiations with Lane produced a comprehensive settlement of intervenors' claims. The appropriate NLRB Regional Director approved that settlement on July 26, 1974. The parties agreed that Lane would (a) pay Hook $2,500 and Zaros $750 as "back pay" and (b) offer both men reinstatement with the understanding that Zaros would accept but Hook would decline the offer. In accordance with that agreement, Hook signed a letter in which he declined reinstatement but acknowledged

that Lane had made the promised offer. Zaros' reinstatement was delayed for a considerable period of time. As we understand that situation, Zaros' job required him to operate company vehicles and he had difficulty obtaining the prerequisite driver's license. That controversy has apparently been resolved, however, for Zaros has returned to work after further informal negotiations with Lane.

Meanwhile on August 13, 1975, when Zaros had not yet been reinstated, the Regional Director withdrew approval of the settlement and instituted formal proceedings against Lane. An Administrative Law Judge heard the case on October 30, 1975. He decided that Lane had committed an unfair labor practice by dismissing Hook and Zaros. He also found, in effect, that Lane's continued failure to reinstate Zaros tainted the negotiated settlement as a whole and rendered Hook's written refusal of reinstatement void. To remedy the illegal dismissals, the Administrative Law Judge ordered Lane to offer both Hook and Zaros reinstatement.

The Board modified that judgment on October 22, 1976, concluding that Hook need not be offered reinstatement since Lane had already done so once pursuant to the settlement. Intervenors then moved the Board to reconsider its modifying decision. The Board granted the motion, reopened the case, and on March 23, 1977, issued a second ruling which restored the Administrative Law Judge's order to reinstate both Zaros and Hook.

The Board asks us to enforce its second order. After a review of the record we are convinced that the Board was without power to reopen the proceeding at all. We must therefore deny this application for enforcement.

The Board has adopted standards for determining whether or not to reopen a case. Those guidelines have been promulgated in the form of an official regulation which provides:

A party to a proceeding before the Board may, because of extraordinary cir-

cumstances, move for reconsideration, rehearing, or reopening of the record after the Board decision or order. A motion for reconsideration shall state with particularity the material error claimed and with respect to any finding of material fact shall specify the page of the record relied on. A motion for rehearing shall specify the error alleged to require a hearing de novo and the prejudice to the movant alleged to result from such error. A motion to reopen the record shall state briefly the additional evidence sought to be adduced, why it was not presented previously, and that, if adduced and credited, it would require a different result. Only newly discovered evidence, evidence which has become available only since the close of the hearing, or evidence which the Board believes should have been taken at the hearing will be taken at any further hearing.

29 C.F.R. § 102.48(d)(1) (1976).

Intervenors failed to adhere to this regulation in that they did not adduce any previously unexamined evidence in support of their motion to reopen. All the issues suggested by the affidavits attached to that motion were thoroughly explored before the Administrative Law Judge and at the Board's initial hearing. There are, moreover, no allegations of supervening events or "extraordinary circumstances" which might have justified the Board's decision to reconsider. When we measure intervenors' motion against the requirements of the Board's regulation, we find that Hook and Zaros were not entitled to a second Board ruling.

The Board contravened its own regulation by granting intervenors' motion to reconsider. It had no power to act as it did, since an administrative agency must abide by its own rules. *Pacific Molasses Company v. Federal Trade Commission*, 356 F.2d 386, 389–390 (5th Cir. 1966). Accordingly, we deny enforcement of the Board's order of March 23, 1977. This does not preclude the Board from seeking enforcement of the order of October, 1976.